**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DONALD WAYNE READ #1888548** | § | |
| | § | |
| **V.** | § | **A-18-CA-662-RP** |
| | § | |
| **E HSU, BILL REESE, and** | § | |
| **CHRISTINE E. McKEEMAN** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's pro se complaint. Plaintiff originally filed his complaint in the Lubbock Division of the Northern District of Texas. The Lubbock court granted Plaintiff leave to proceed in forma pauperis and transferred the case to this Court.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Daniel Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff alleges he filed grievances with the Texas State Bar Association against the prosecutors and defense attorneys in his criminal case. He complains the defendants, E Hsu, Bill Reese, and Christine McKeeman, dismissed his grievances and because the complained of conduct did not violate "the strict ethic rules promulgated as State Bar Rules, Disciplinary Professional Conduct

Rules."  Plaintiff seeks vindication for his wrongful conviction and false imprisonment.  He also seeks $7 million in damages.

DISCUSSION AND ANALYSIS

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff is simply dissatisfied with the responses to his grievances regarding the performance of his attorneys and the prosecutors in his criminal case.  However, Plaintiff does not possess a federally-protected constitutional right to compel the State Bar of Texas to investigate Plaintiff's grievance against his attorney and to render a decision to his liking. See, e.g., Geiger v. Jowers, 404 F.3d 371, 273-74 (5th Cir. 2005) (holding a prisoner does not have a constitutional right to have his prison grievances resolved to his satisfaction).

Moreover, Plaintiff's claims seeking monetary damages against Defendants in their individual capacities for his alleged illegal conviction are barred by Heck v. Humphrey, 512 U.S.

2

477, 486-87 (1994) and the Fifth Circuit's application of <u>Heck</u> to state prisoner § 1983 lawsuits in

<u>Boyd v. Biggers</u>, 31 F.3d 279 (5th Cir. 1994). In <u>Heck</u>, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite.

In addition, Defendants are immune from suit under the Eleventh Amendment because a suit against them in their official capacities for monetary damages is the same as a suit against the sovereign. <u>Pennhurst State School Hosp. v. Halderman</u>, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. <u>Port Auth. Trans-Hudson v. Feeney</u>, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. <u>Green v. State Bar of Texas</u>, 27 F.3d 1083,1087 (5th Cir. 1994).

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's claims brought against the defendants in their official capacities for monetary damages be dismissed without prejudice for want of jurisdiction and Plaintiff's remaining claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the keeper of the three-strikes list.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 15th day of October, 2018.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE